UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BERTHA ROMERO-DE-MENDOZA, | Case No. 2:16-cv-00664-JCM-PAL |
| Plaintiff, | **REPORT OF FINDINGS AND RECOMMENDATION** |
| v. | |
| WAL-MART STORES, INC., | |
| Defendant. | |

This matter is before the court on Plaintiff's failure to comply with this court's Order (ECF No. 16) and Order to Show Cause (ECF No. 18).

On June 8, 2016, the court entered an Order (ECF No. 16) requiring Plaintiff to either: (1) retain substitute counsel who should make an appearance in accordance with the requirements of the Local Rules of Practice, or (2) file a statement with the court that she would be appearing in this matter pro se, that is, representing herself. The order also set a future hearing for July 19, 2016. Plaintiff failed to retain substitute counsel or file a statement with the court that she would be appearing in this matter pro se.

On July 19, 2016, the court conducted a hearing to check on the status of the case. Plaintiff did not appear at the hearing. As such, the court entered an Order to Show Cause (ECF No. 18) because Plaintiff not only failed to comply with the court's previous Order (Dkt. #16), but also because she failed to appear for the hearing on July 19, 2016. The court directed Plaintiff to show cause in writing no later than August 5, 2016, why sanctions should not be imposed for: (1) her failure to appear at the hearing on July 19, 2016, and (2) her failure to comply with the court's Order (ECF No. 16). The Order to Show Cause (ECF No. 18) advised Plaintiff that her failure to respond would result in a recommendation to the district judge that Plaintiff's complaint be dismissed for failure to prosecute. Plaintiff has failed to file a response

to the Order to Show Cause (ECF No. 18), and she has not requested an extension of time in which to do so.

Plaintiff's willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice.  Sanctions less drastic than dismissal are unavailable because Plaintiff has willfully refused to comply with multiple court Orders.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed for her failure to prosecute this matter.

DATED this 18th day of August, 2016.

                                                                         _____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit.  Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment.  *See* Fed. R. App. Pro. 4(a)(1).  Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service.  *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72.  The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b).  The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and

1  Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
2  (9th Cir. 2003).  In addition, failure to file timely objections to any factual determinations by a
3  magistrate judge may be considered a waiver of a party's right to appellate review of the findings
4  of fact in an order or judgment entered pursuant to the recommendation.  *See Martinez v. Ylst*,
5  951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.